UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MACARTHUR GRIFFIN, | : |
| | : |
| PETITIONER, | : |
| | : CIVIL NO. 3:CV-08-1323 |
| | : |
| V. | : (JUDGE VANASKIE) |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| RESPONDENT . | : |

M E M O R A N D U M

I.    Introduction

MacArthur Griffin, an inmate confined at the Marianna Federal Correctional Institute in Marianna, Florida, filed this petition for writ of habeas corpus on July 14, 2008. Griffin seeks his immediate release and monetary compensation from several federal officials involved in his criminal prosecution. Griffin claims the Honorable Edwin Kosik and the various Assistant United States Attorneys involved in his criminal proceedings lacked jurisdiction to indict, convict and sentence him. (Dkt. Entry 1, Petition.) Petitioner specifically disavows the filing of his petition pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. Griffin contends that requiring him to pursue either a § 2255 or § 2241 violates the Constitution's provision against

the suspension of the writ of habeas corpus.  (Id. at R. 2.)[1]  For the reasons that follow, the Court will summarily dismiss the Petition.[2]

II.   Background

Griffin, a Career Offender, entered a guilty plea to the distribution and possession with intent to distribute cocaine base (crack) and was sentenced to serve a 110 month term of imprisonment and three years supervised release.  See USA v. Griffin, 3:04-CR-00274 (M.D. Pa.)(Kosik, J.)(Dkt. Entry 38, Order of Judgement.)  He was sentenced on May 17, 2005.[3]  (Id., Dkt. Entry 38, Order of Judgment.)

On April 8, 2008, Griffin filed a motion to reduce his sentence based on the December 2007 amendments to the United States Sentencing Guidelines, which reduced the

---

[1]  "R." or "RR." references are to the CM/ECF pagination of the document cited.

[2]  The instant habeas petition is before the Court for preliminary consideration.  Habeas corpus petitions brought under 28 U.S.C. § 2241, like those brought pursuant to 28 U.S.C. § 2255, are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts.  See 28 U.S.C. foll. § 2254, Rule 1(b). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. at Rule 4.  A District Court is equally authorized to summarily dismiss a habeas corpus petition, without requiring a response from the government, if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2243; Harrison v. Schultz, No. 08-2000, 2008 WL 2808898 (3d Cir. July 22, 2008).

[3]  There is no indication on the docket, or within Griffin's present petition, or found by this court after conducting the relevant computerized legal search, that Griffin either appealed his conviction or filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

guidelines offense level for certain drug distribution and conspiracy offenses involving cocaine base. (Id. at Dkt. Entry 43.) On May 5, 2008, the sentencing Court denied Griffin's motion, holding that Griffin did not qualify for a sentence reduction as he was sentenced as a career offender. (Id. at Dkt. Entry 49, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).)

Griffin's present habeas corpus petition is specifically filed pursuant to Art. I, §9, cl. 2 of the Federal Constitution, the Suspension Clause. He suggests he is entitled to immediate release as he is illegally confined because the trial court lacked jurisdiction over him. Griffin premises his argument on the fact that the involved "state and federal public officials who are jews and freemason's" are actually "international agents of the Crown's, British Accreditation Registry (B.A.R.)" and not the United States. (Id.) In addition to his immediate release, Griffin seeks monetary damages.

III.   Discussion

Contrary to Griffin's position, neither 28 U.S.C. § 2255 nor 28 U.S.C. § 2241 constitutes a suspension of the writ of habeas corpus in violation of the Suspension Clause of the United States Constitution. Article I, § 9, cl. 2 of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." In United States v. Hayman, 342 U.S. 205 (1952), the Supreme Court discussed the impact of 28 U.S.C. § 2255 on the

rights of federal prisoners to challenge the legality of their confinement and whether it constituted a suspension of the writ of habeas corpus. The Hayman Court stressed that the purpose and effect of the statute was not to restrict access to the writ but to make postconviction proceedings more efficient by minimizing "the difficulties encountered in habeas hearings by affording the same right in another and more convenient forum." Id. at 219. A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. The Supreme Court recently confirmed that § 2255 provides a remedy in the sentencing court that is "exactly commensurate" with the pre-existing federal habeas corpus remedy. Boumediene v. Bush, 128 S.Ct. 2229, 2264 (2008)(citing Hill v. United States, 368 U.S. 424, 427, and n. 5 (1962)). Hayman also held that "where the Section 2255 procedure is shown to be 'inadequate or ineffective', the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." Hayman, 342 U.S. at 223. Thus, the Hayman court definitively held that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus. See also Swain v. Pressley, 430 U.S. 372, 381 (1977). "It is ... well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." United States v. Brooks, 245 F.3d 291, 292 n. 2 (3d Cir. 2001)(citing United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953)). Clearly Griffin's

argument that § 2255 and/or § 2241 violate the Suspension Clause is without merit.

A challenge to a federal criminal defendant's conviction or sentence is most properly brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where the petitioner was convicted.[4]  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.1972).

Although a federal convict may challenge his conviction or sentence under § 2241 if a section 2255 motion is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255 ¶ 5, this safety-valve provision must be construed strictly.  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.  Rather, the

---

[4] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Id. It is important to note that the "safety valve" clause of § 2255 is extremely narrow and provides a remedy only in unusual circumstances, such as where an intervening change in law decriminalized the conduct for which the petitioner was convicted. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245 (3d Cir.1997)). Thus, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

  Application of the above principles compels the conclusion that Griffin's Petition for Writ of Habeas Corpus should be dismissed because his claim that the sentencing court lacked jurisdiction to indict, convict and/or sentence him is cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. However, as Griffin specifically disavows his reliance on either 28 U.S.C. § 2255 or § 2241 in bringing his present habeas corpus petition, the Court is without jurisdiction to consider his claims.[5]

---

[5]Griffin also seeks monetary damages for his allegedly unconstitutional imprisonment and/or conviction. Monetary damages are not available to a Griffin by means of a habeas corpus action which is a challenge to the very fact or duration of physical imprisonment and which involves relief in the form of the immediate release or a speedier release from that imprisonment. Rather, monetary damages for illegal confinement are more appropriately brought by means of a civil rights action. Nonetheless, even if we were to consider this portion of Griffin's petition as a civil rights claim, it would be subject to dismissal as it is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court ruled that a civil rights cause of action for damages does not accrue "for allegedly unconstitutional

For these reasons, the Court will dismiss the instant habeas petition.  An appropriate Order follows.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge

---

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.  "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  Thus, Griffin has no civil cause of action for monetary damages unless and until the conviction or sentence he is challenging is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus.  Id.  Griffin cannot obtain damages for a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MacArthur Griffin, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-1323 |
| v. | : |
| | : (JUDGE VANASKIE) |
| United States of America, | : |
| | : |
| Respondent . | : |

O R D E R

NOW, THIS 7th DAY OF AUGUST, 2008, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Petitioner's motion to proceed in forma pauperis (Dkt. Entry 4) is GRANTED.

2. The petition for writ of habeas corpus (Dkt. Entry 1) is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

                                           s/ Thomas I. Vanaskie
                                           Thomas I. Vanaskie
                                           United States District Judge